**QUANTACHROME CORPORATION,**
**Plaintiff,**

v.

**MICROMERITICS INSTRUMENT CORPORATION, Defendant.**

**No. 96–8224–CIV–GONZALEZ.**

United States District Court,
S.D. Florida.

Nov. 13, 2002.

V. Bryan Medlock, Jr., Sidley & Austin, Dallas, TX, Seth Peter Robert, Brown LoCurto & Robert, Fort Lauderdale, FL, for Plaintiff.

Connie O. Brown, III, Gunster Yoakley & Stewart, Fort Lauderdale, FL, Donald Joseph Beuttenmuller, Jr., Gunster Yoakley & Stewart, West Palm Beach, FL, Albert S. Anderson, Patent Law Offices of Albert S. Anderson, Norcross, GA, Seth Peter Robert, Brown LoCurto & Robert, Fort Lauderdale, FL, for Defendants.

## ORDER

GONZALEZ, District Judge.

**THIS MATTER** has come before the Court upon the following: (1) the Order on Remand (DE # 315) of the United States Court of Appeals for the Federal Circuit dated July 24, 2001; (2) the Motion for Summary Judgment (DE # 333) of Plain-tiff Quantachrome Corporation ("Quantachrome") filed January 8, 2002; and (3) the "Cross–Motion for Entry of Final Judgment" (DE # 337) of Defendant Micromeritics Instrument Corporation ("Micromeritics") filed January 22, 2002. For the reasons stated herein, the Order on Remand is moot; the Court **ORDERS** and **ADJUDGES** that Quatachrome's Motion for Summary Judgment is **GRANTED** and Micromeritics's Cross–Motion for Entry of Final Judgment is **DENIED**.

## I. BACKGROUND.

The background of this case is set forth in the Court's Orders of February 17, 1999 (DE # 115), March 29, 2000 (DE # 214) and May 25, 2000 (DE # 289). In short, Quantachrome filed an action seeking a declaratory judgment that its accused device, the Ultrapycnometer 1000, does not infringe United States Patent No. 5,074,-146 (the " '146 Patent"). Micromeritics answered and counterclaimed alleging infringement. Quantachrome subsequently filed a motion for summary judgment of non-infringement as to claims 1, 2, 19, 27, 28, 30 and 31; Micromeritics filed a motion for summary judgment of infringement only as to Claim 27 of the '146 Patent. In its February 17, 1999 Order, the Court therefore addressed only Claim 27 and found, *inter alia*, that Claim 27 was valid and infringed by the accused device.

The parties then filed cross-motions for summary judgment regarding Quantachrome's defenses of equitable estoppel, inequitable conduct, laches and obviousness. In its March 29, 2000 Order, the Court ruled against Quantachrome on its defenses of equitable estoppel and inequitable conduct, and scheduled a non-jury trial on the issues of laches and obviousness. In an April 14, 2000 pretrial conference (DE # 245), Micromeritics agreed to stipulate that, were the Court to find

Claim 27 to be invalid due to obviousness, Micromeritics would not assert the other patent claims in the case against Quantachrome as to the Ultrapycnometer 1000 or other embodiments then known to Micromeritics. *See* Hr'g Tr. at 25–35. The Court therefore agreed to limit the issue at trial to the obviousness of Claim 27, and to tailor its judgment following trial to embody the parties' pretrial stipulation. In its May 23, 2000 Order, the Court found that Claim 27 was not invalid for obviousness, and, *inter alia,* enjoined Quantachrome from infringing Claim 27 by marketing the Ultrapycnometer 1000 "or any colorable variation thereof." *See* May 23, 2000 Order at 27.

Quantachrome appealed the Court's May 23, 2000 Order to the Federal Circuit. While that appeal was pending, on May 8, 2001, Quantachrome filed a motion to vacate (DE # 302) the Court's May 23, 2000 Order on the basis of newly discovered evidence, to wit, evidence regarding a porosimeter manufactured by Ruska Instrument Corporation, Houston, Texas ("Ruska"). While Quantachrome's motion to vacate was pending in this Court, the Federal Circuit issued its decision on Quatachrome's appeal of the Court's May 23, 2000 Order. The Federal Circuit—disagreeing with the determinations of both this Court and the Patent and Trademark Office—found that two particular prior art references, United States Patent No. 4,083,228 and the Autopycnometer 1320, were relevant prior art of the '146 Patent. The Federal Circuit therefore vacated this Court's Order to the extent it ruled that Claim 27 was not invalid for obviousness. The Federal Circuit remanded the case to this Court, mandating that the Court undertake a renewed obviousness analysis that included considering the two noted prior art references, which the Court had previously found to be not relevant.

With the obviousness determination of the Court's May 23, 2000 Order vacated by the Federal Circuit, this Court denied Quantachrome's motion to vacate the same as moot in an Order (DE # 330) dated November 2, 2001. The Court then reopened discovery limited to information relevant to Claim 27. After conducting new discovery regarding the Ruska porosimeter, the parties filed the motions presently before the Court.

## II. ANALYSIS.

The parties only dispute the appropriate terms and scope of this Court's judgment of invalidity of Claim 27 and, consequently, of non-infringement of the '146 Patent by Quantachrome. Based on the new discovery, Micromeritics has stipulated to the following:

(1) A Ruska porosimeter, Model No. 1060–860, Serial No. 34661 (the "34461 device"), was made in this country by another prior to the date of invention of Claim 27 of the '146 Patent, and the 34661 device was not abandoned, suppressed or concealed.

(2) The 34661 device is prior art to Claim 27 of the '146 Patent under 35 U.S.C. § 102(g)(2).

(3) The 34661 contains each and every element of Claim 27 of the '146 Patent.

Def. Mot. at 2. Micromeritics also concedes (correctly) that these stipulations are sufficient to support a finding that Claim 27 of the '146 Patent is invalid because it was anticipated by the 34661 device. *See Id.; see also, In re Paulsen,* 30 F.3d 1475, 1478–79 (Fed.Cir.1994) ("A rejection for anticipation ... requires that each and every limitation of the claimed invention be disclosed in a single prior art reference.").

Pursuant to Federal Rule of Civil Procedure 56(c), the Court has undertaken an independent analysis of the pleadings, depositions, exhibits and other evidence sub-

mitted to the Court relevant to the current motions for summary judgment. The Court agrees with the parties and finds that the 34661 device and Ruska's manuals and technical literature accompanying the same is relevant prior art of the '146 Patent. The Court further agrees and finds that all of the elements of the Claim 27 are present in the 34661 device. The Court also finds that the 34661 device and its accompanying literature are enabling. The Court therefore agrees with the parties and finds that the 34661 device does anticipate Claim 27 of the '146 Patent. *See* 35 U.S.C. § 102.

Micromeritics proposes that the Court enter final judgment for Quantachrome in this case only as to Claim 27 and only on the basis that Claim 27 is invalid due to anticipation by the 34661 device. Quantachrome responds that—in light of the parties' stipulation at the April 14, 2000 pretrial conference in which Micromeritics agreed that, if Claim 27 were found to be obvious, Micromeritics would not pursue an infringement action against Quantachrome on any of the other claims in the case—Quantachrome is entitled to a judgment and a declaration of non-infringement as to claims 1, 2, 19, 28, 30 and 31 as well. Micromeritics counters that its earlier stipulation was predicated on the Court finding that Claim 27 invalid for obviousness, not anticipation, and that its present stipulation that Claim 27 is invalid due to anticipation ought not implicate its earlier stipulation.

Micromeritics's argument is without merit. The Federal Circuit has stated upon a finding of anticipation that, "since anticipation is the ultimate of obviousness, the subject matter of [anticipated] claims is necessarily obvious, and we need not consider them further." *Id.* (quoting *In re Baxter Travenol Labs.*, 952 F.2d 388, 391 (Fed.Cir.1992)). The Court therefore finds that Claim 27 is both anticipated and,

necessarily, obvious. Micromeritics represented to this Court that it would not press infringement claims against Quantachrome on the basis of the other claims of the '146 Patent in this case if Claim 27 were found to be invalid. This Court relied on that representation in narrowing its analysis that resulted in the Court's May 23, 2000 Order, and continued to rely on that representation with respect to all subsequent orders in this case. Micromeritics may not now reverse itself and attempt to obfuscate its reversal behind an utterly meritless legal distinction. Quantachrome is therefore entitled to summary judgment of non-infringement consistent with this Court's prior Order (of May 23, 2000), which embodied the parties' April 14, 2000 pretrial stipulation regarding the issues in this case.

### III. Conclusion.

The Court finds that Claim 27 of the '146 Patent is invalid because it is anticipated by the 34661 device. The Court further finds that the Claim 27 of the '146 Patent is invalid because it was obvious in light of the prior art, *i.e.,* the 34661 device. The Court finds that Quantachrome is therefore entitled to declaratory judgment of non-infringement of Claim 27 of the '146 Patent. In light of the parties' April 14, 2000 pretrial stipulation, the Court finds that Quantachrome also is entitled to declaratory judgment of non-infringement as to claims 1, 2, 19, 28, 30 and 31 of the '146 Patent. Consistent with the parties April 14, 2000 pretrial stipulation and the Court's May 23, 2000 Order, the Court finds that the declaratory judgment of non-infringement applies to the accused device—*i.e.,* the Ultrapycnometer 1000—and any colorable variation thereof.

The Court therefore **ORDERS** and **ADJUDGES** as follows: (1) the Order on Remand from the Eleventh Circuit is moot; (2) Quantachrome's Motion for Summary Judgment is **GRANTED**; and

(3) Micromeritics's Cross–Motion for Entry of Final Judgment is **DENIED**. The Court will embody this Order in a separate Final Judgment of this date.